# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JAMES D. GOOLD, III,

                                 Plaintiff,

                                                    6:16-CV-413

                        v.                                      (GTS/ATB)

JAIME SMITH,

                                 Defendant.

JAMES D. GOOLD, III, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Complaint "Compl.") (Dkt. No. 1). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.    In Forma Pauperis ("IFP") Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Facts

Plaintiff alleges that while he was incarcerated, the defendant used plaintiff's Social Security Disability benefits "for her own benefit." (Compl. ¶ 5). Plaintiff claims that Social Security paid him one month "overpayment," and that defendant should have sent the money back, but she failed to do so.[1] Plaintiff alleges that the agency "requested it back, and she did not do that." (*Id.*) As a result, plaintiff has been forced to repay the overpayment to the Social Security Administration. Plaintiff states that he has the letters from "SSD and SSI requesting it to be paid back."[2] (*Id.*) Plaintiff requests that defendant pay him back the money: $718.00 in SSD and $35.00 in SSI. (Compl. ¶ 6).

## III. Jurisdiction

### A. Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 562 U.S. 428, 434-35 (2012); *Henderson ex rel. Henderson v. Shinseki*, 428 U.S. 428, 434-35 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

---

[1] It appears that the plaintiff may have given defendant a Power of Attorney ("POA") which would have enabled her to cash his check and use it for herself.

[2] "SSD" stands for Social Security Disability, and "SSI" stands for Supplemental Security Income.

3

When a plaintiff is pro se, the court must interpret the complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

**B.     Application**

   **1.     Federal Question Jurisdiction**

       **a.     Section 1983**

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff has filed this case, using a form for civil rights actions under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at

4

*2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful' that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

In this case, plaintiff has sued a private individual, who plaintiff claims misappropriated a disability benefit overpayment that was sent to plaintiff by the Social Security Administration. Plaintiff claims that the defendant used the money for herself, apparently with the assistance of a POA, when she should have sent the funds back to the agency. This has resulted in plaintiff being required to pay the money back. There is absolutely no allegation that this defendant is a state actor or conspired with anyone acting under color of state law when she misappropriated the benefits. *See Baum v. Northern Dutchess Hospital*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) (private conduct is generally beyond the reach of § 1983) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assn.*, 531 U.S. 288 (2001)). Thus, there is no jurisdiction under section 1983.

### b. Social Security Act

As stated above, the court must interpret plaintiff's action to raise the strongest

arguments it suggests, so the court will examine plaintiff's claim to see if there is any other basis of jurisdiction by which he may bring this case.[3] Plaintiff claims that the defendant used the overpayment sent to plaintiff for her own benefit. It is unclear from the complaint whether the defendant was a "representative payee" for plaintiff's benefits or whether she simply had a POA to handle plaintiff's affairs while he was incarcerated.

If defendant was a representative payee, selected[4] by the Social Security Administration, the Social Security Regulations provide that the agency would attempt to recover the misused benefits. *See e.g.* 20 C.F.R. §§ 404.2041(a); 416.641(a). These sections provide that Social Security beneficiaries have the right to demand restitution where a representative payee "misuses" benefits. *Joseph L. v. Conn. Dep't of Children and Families*, 161 F. App'x 72, 74-75 (2d Cir. 2005). In *Joseph L.*, the Second Circuit also noted, without deciding, that such an individual might have an action for damages, but the court specifically declined to express an opinion on where such an action could be brought. *Id.* at 75 n.1.

In this case, it is unclear what the defendant's status was. Plaintiff states that

---

[3] The court is examining only federal question jurisdiction. Another basis for federal jurisdiction is diversity of citizenship. 28 U.S.C. § 1332 (a)(1). However, in order to bring an action based upon diversity of citizenship, all adverse parties must be completely diverse in their citizenship. *Ensign Yachts, Inc. v. Arrigoni*, No. 3:09-CV-209, 2010 WL 918107, at *7 (D. Conn. Mar. 11, 2010) (citing *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001)). In addition, for diversity jurisdiction to exist, the amount in controversy must be in excess of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Plaintiff in this case cannot fulfill either requirement. Plaintiff and defendant both are citizens of New York State, and the amount in controversy is only $753.00, much less than the $75,000 jurisdictional amount.

[4] 42 U.S.C. § 405(j)(1)(A).

6

Social Security requested the money back, but "she did not do that." Then he states that he has "the" letters from SSD and SSI requesting that the money be paid back. It is not clear whether the "letters" to which plaintiff refers are letters that the agency sent to defendant "requesting" that she send the money back or letters that plaintiff received after he was released from incarceration.

Even assuming that the defendant was a representative payee, neither the Social Security Act, nor the Social Security regulations give plaintiff a cause of action in federal court against the representative payee. Rather, as stated above, the procedure would have been for plaintiff to ask the agency to recover the money from the representative payee. Section 405(j)(1)(A) provides that if the Commissioner of Social Security or a court of competent jurisdiction determines that a representative payee has misused any individuals benefits, the Commissioner will promptly revoke the certification for payment of benefits and appoint an alternative payee.[5]

Although this court has not found any cases on point in the Second Circuit, courts in other districts around the country have dismissed similar actions by individuals seeking to sue a representative payee directly for the misuse of Social Security benefits. *See Hurvitz v. Hurvitz*, No. 15-CV-55, 2015 WL 3905287, at *2 (Rep.-Rec.), *adopted* 2015 WL 3905287, at *1 (D.N.H. June 25, 2015) (suit against stepmother for misuse of benefits – no federal jurisdiction); *Pearson v. Payee*, No.

---

[5] In this case, no alternative payee would be appointed because plaintiff was incarcerated at the time, and not entitled to receive benefits. In any event, if the agency does not obtain restitution from the representative payee, it must only repay the benefits in certain circumstances, none of which are applicable in this case since the payment was an overpayment in the first instance. *See generally* 20 C.F.R. § 2041(c)-(d).

2:13-CV-34, 2013 WL 141234, at *2 (E.D. Cal. Jan. 11, 2013) (Rep.-Rec.) (citing *Bates v. Northwestern Human Servs., Inc.*, 466 F. Supp. 2d 69, 98-102 (D.D.C. 2006) (finding specifically that although there is little authority on the subject, the "few federal district courts that have considered the issue have generally concluded that these statutes and regulations do not create a private right of action"); *Sylvester v. Sylvester*, No. 09-2544, 2009 WL 3711562 (D. Minn. Nov. 3, 2009) (sua sponte dismissal). Thus, the Social Security Act does not give plaintiff a private right of action under the Act as against the named defendant.

The above analysis applies only if the defendant was a representative payee under the Social Security Act. If she was not a representative payee, there would be no apparent basis for jurisdiction in federal court. I must, therefore, recommend dismissal.[6]

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, there is no basis for federal court

---

[6] The court must point out that regardless of the defendant's official status, plaintiff may have recourse against her in New York State Court. If the defendant misused her POA, the plaintiff may be able to bring a claim in state court for breach of fiduciary duty. *See Ruso v. Morrison*, 695 F. Supp. 2d 33, 51 (S.D.N.Y. 2010) (the general rule is that a written power of attorney creates a principal/agent relationship, which gives rise to a fiduciary duty). However, this court makes no finding with respect to the viability of any action based on New York State law. Finally, although it does not affect this court's decision, the court notes that plaintiff has failed to indicate the date of defendant's alleged misconduct.

8

jurisdiction, and it appears that there is no amendment that plaintiff can make that would confer either federal question or diversity jurisdiction. Thus, this court will recommend dismissing the complaint with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 19, 2016

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge